Thomas G. WILLETT, Appellant,

v.

CERRO GORDO COUNTY ZONING BOARD OF ADJUSTMENT, Appellee.

No. 91–1626.

Supreme Court of Iowa.

Oct. 21, 1992.

Charles H. Biebesheimer of Nelsen Law Office, Mason City, for appellant.

Paul L. Martin, County Atty., and Jeffrey D. Lester, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Appellant, Thomas G. Willett, challenges a trial court's summary judgment ruling, which upheld the grant of a special use permit by the appellee, Cerro Gordo County Zoning Board of Adjustment. The board granted a special use permit to Tuttle Asphalt & Paving before Tuttle had received other necessary permits, a requirement under Cerro Gordo County, Iowa, Zoning Ordinance Article 20.2(JJ) and (KK). The trial court found that the requirement was merely a directory obligation, and failure to meet the requirement would not render the special use permit void. We affirm.

On February 25, 1991, Tuttle applied to the board for a special use permit to establish a rock extraction and processing project, a gravel extraction and processing project, and an asphalt plant on land located in Cerro Gordo County, Iowa. The board held a public hearing on the application on April 16, 1991. Following the hearing, the board adopted a resolution granting Tuttle a special use permit for the projects, subject to nine "conditions and/or requirements." Among these was the requirement that "all state and federal requirements must be adhered to."

All zoning activities in Cerro Gordo County are governed by the Cerro Gordo County, Iowa, Zoning Ordinance. The purpose of the ordinance, stated in Article 1, is "promoting public health, safety, morals, comfort, and general welfare [and] to conserve the values of property and encourage the most appropriate use of land...." Special use permits are regulated by Article 20. Specific requirements for the extraction and processing of coal, stone, gravel, sand, clay, dirt, and ores are found in Article 20.2(JJ) and those for asphalt manufacturing, storage, and distribution are found in Article 20.2(KK). Both of these provide, among other things, the following:

All state and federal requirements must be adhered to. Any permits required by any other governmental entity must be obtained prior to applying for a special use permit for such use with proof of such being entered into the public hearing record.

Tuttle was required to obtain additional permits from the U.S. Department of Alcohol, Tobacco and Firearms, the State of Iowa, and the Iowa Department of Natural Resources. Only one of these permits had been granted before Tuttle applied for the Cerro Gordo County special use permit.

Following the board's action appellant Willett filed a petition pursuant to Iowa Code section 358A.18, asserting the special use permit was illegally granted. The district court issued a writ of certiorari directed to the board to obtain the record of proceedings for review. After return in compliance with the writ, Willett and the board each filed a motion for summary judgment. Willett argued that Tuttle's failure to obtain all necessary permits before applying for the special use permit, and the absence of the receipt of these permits in the public hearing record, violated the Cerro Gordo County, Iowa, Zoning Ordinance and rendered the board's grant of the special use permit void. The trial court disagreed, finding that the challenged requirement was merely directory, and therefore failure to follow this procedure in Article 20.2(JJ) and (KK) did not invalidate the special use permit. The trial court granted summary judgment in favor of the board.

It is undisputed that Tuttle did not obtain the permits required by the other governmental entities before applying for the special use permit. The conditions and requirements that the board imposed on Tuttle in its resolution require that those permits be obtained prior to operation of the rock, gravel, and asphalt plants. The question is whether this deviation from the Cerro Gordo County, Iowa, Zoning Ordinance procedure renders the board's subsequent action void and the special use permit invalid.

Summary judgment is appropriate when the moving party establishes there is no genuine issue of material fact and the movant is otherwise entitled to judgment

as a matter of law. The trial court examines the motion, including the entire record before it, in a light most favorable to the party opposing the motion. *First Nat'l Bank v. Kenny*, 454 N.W.2d 589, 591 (Iowa 1990); *Diamond Prods. Co. v. Skipton Painting & Insulating, Inc.*, 392 N.W.2d 137, 138 (Iowa 1986). On appeal, the reviewing court examines the record of the district court to determine if the movant has met its burden; our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Hoefer v. Wisconsin Educ. Ass'n Ins. Trust*, 470 N.W.2d 336, 338 (Iowa 1991); *Drainage Dist. No. 119 v. Incorporated City of Spencer*, 268 N.W.2d 493, 499–500 (Iowa 1978).

■ County ordinances promulgated pursuant to authority delegated to a local governing body are extensions of state statutes and are to be construed as statutes. *See Kordick Plumbing & Heating Co. v. Sarcone*, 190 N.W.2d 115, 117 (Iowa 1971); 101 C.J.S. *Zoning* § 128 (1958). The Cerro Gordo County, Iowa, Zoning Ordinance was promulgated pursuant to Iowa Code chapter 358A (1991); the ordinance is an extension of that statute. The principles of statutory construction apply to the Cerro Gordo County, Iowa, Zoning Ordinance.

The parties argue over the import of "must" in the ordinance. The ordinance states that any permit required by any other governmental entity "must be obtained prior to applying for the special use permit." Willett argues that this language places an unavoidable duty on the applicant to obtain all other necessary permits first. Failure to do so would void any special use permit subsequently issued. The board argues that this language is obligatory, but the obligation may be waived by the board because it is merely "directory," not essential to the main objective of the ordinance.

The board's interpretation is derived from our construction of the word "shall" in other statutes. *See Taylor v. Department of Transp.*, 260 N.W.2d 521 (Iowa 1977). "Shall" and "must" are distinguished by our legislature in Iowa Code chapter 4 (1991), Construction of Statutes. "Shall" imposes a duty; "must" states a requirement. Iowa Code § 4.1(36)(a), (b). "Duty" and "requirement," however, are not defined in the Iowa Code. "Duty" is a "legal or moral obligation. Obligatory conduct or service. Mandatory obligation to perform." *Black's Law Dictionary* 505 (6th ed. 1990). "To require" is to "direct, order, demand, instruct, command, claim, compel, request, need, exact." *Id.* at 1172. Both "duty" and "requirement" speak in terms of command and obligation, excluding the idea of discretion. Both direct some type of behavior that is obligatory in nature. *Cf. State ex rel. Wright v. Board of Health*, 233 Iowa 872, 875, 10 N.W.2d 561, 563 (Iowa 1943) ("must" or "shall" impose a duty). As a matter of statutory construction, "shall" and "must" are often treated as synonyms. *See* 27A Words & Phrases, *"Must"* 688 (1961); *Black's Law Dictionary* at 1375 ("['Shall'] in ordinary usage means 'must' and is inconsistent with the concept of discretion."). We find our rules of construction for "shall" to be instructive in our determination of the force of "must" in the Cerro Gordo County, Iowa, Zoning Ordinance.

■ The ordinance imposes a duty on the applicant to receive all other necessary permits before applying for the special use permit. A duty imposed by statute may be either "mandatory" or "directory." *Taylor*, 260 N.W.2d at 522. The dichotomy between a mandatory and a directory statute relates to whether a failure to perform the duty will have the effect of invalidating the governmental action that the requirement affects. *Id.* at 523.

■ In determining whether a statute is mandatory or directory, we look to the nature of the duty in light of the purpose the statute was designed to serve. *Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 628 (Iowa 1987). When the duty imposed by the provision is essential to effect the main purpose of the statute, the provision is mandatory, and failure to perform the duty will invalidate subsequent proceedings. *Id.* When the duty imposed is not essential to the main statutory objec-

tive, however, the provision is directory, and failure to perform the duty will not affect the validity of subsequent proceedings unless prejudice is shown. *Id.; see also Didonato v. Iowa Dep't of Transp.,* 456 N.W.2d 367, 370 (Iowa 1990); *State v. Lohr,* 266 N.W.2d 1, 5 (Iowa 1978).

■ Zoning regulation is the local exercise of police power, to promote the "health, safety, morals, comfort, and general welfare [and] to conserve the values of property and encourage the most appropriate use of land...." Art. 1, Cerro Gordo County, Iowa, Zoning Ordinance; *see Buchholz v. Board of Adjustment,* 199 N.W.2d 73, 76 (Iowa 1972). A special use permit allows property to be put to a purpose that the zoning ordinance conditionally allows. *Id.* at 75. Article 20.1 of the Cerro Gordo County, Iowa, Zoning Ordinance, speaking of special uses, states, "It is recognized that certain uses possess characteristics of such unique and special form as to make impractical their being included automatically in any class of use.... [T]hese uses shall be subject to certain conditions and standards set forth in this Article." Cerro Gordo County, Iowa, Zoning Ordinance Article 20 is designed to promote public health and safety by regulation of special uses expressly permitted in the zone to ensure compatibility with other uses that exist in that zone. The purpose of the special use permit is to bring flexibility to the rigid restrictions of a zoning ordinance, while at the same time controlling troublesome or somewhat incompatible uses by establishing, in advance, standards that admit the use only under certain conditions and standards that must be met. *See* 82 Am.Jur.2d *Zoning and Planning* § 255 (1976).

■ The requirement that an applicant receive all necessary permits from other governmental entities before applying for the special use permit is not essential to this purpose. First, the resolution adopted by the board conditioned issuance of the special use permit on receipt of all other requisite permits. Neighboring landowners were assured that operations would not begin until all state and federal requirements had been met. Tuttle cannot operate any of the facilities until he has received all necessary permits. To do so would be illegal and would subject Tuttle to injunction to cease operation.

Second, the mandate that the applicant receive the other permits first is a rule of convenience and timing. By enforcing this requirement, the board is assured that other agencies have examined and approved the activity in which the applicant seeks to engage on the site. If the duty is designed to assure "order and promptness" in the proceedings, the statute ordinarily is directory. *Lohr,* 266 N.W.2d at 5; *Taylor,* 260 N.W.2d at 522–23. The function of the Cerro Gordo County, Iowa, Zoning Ordinance requirement is to ensure "order and promptness" in obtaining other permits. We stated in *Taylor:*

> [S]tatutory provisions fixing the time, form and mode of proceedings of public functionaries are directory because they are not of the essence of the thing to be done but are designed to secure system, uniformity and dispatch in public business. Such statutes direct the thing to be done at a particular time but do not prohibit it from being done later when the rights of interested persons are not injuriously affected by the delay.

260 N.W.2d at 523.

Third, the duty challenged was imposed on the applicant Tuttle, not the board. When the duty to be construed is not addressed to public officials and does not destroy a right or sacrifice a benefit to the public or individual, then the duty is generally directory. *See Wisdom v. Board of Supervisors,* 236 Iowa 669, 680–81, 19 N.W.2d 602, 607–08 (Iowa 1945); *School Township v. Nicholson,* 227 Iowa 290, 299, 288 N.W. 123, 128 (Iowa 1939). When the duty is directed toward the applicant, not the official, then the official may waive the duty. *Id.* Willett did not lose any right or benefit by the board's waiver of the requirement. Tuttle was commanded to receive all necessary permits before operation commenced.

■ Having determined the requirement that an applicant for a special use

permit under Cerro Gordo County, Iowa, Zoning Ordinance Article 20.2(JJ) and (KK) receive all other requisite permits before submitting the application is merely directory, the subsequent action of the board will not be void unless prejudice is shown. Willett has not alleged or shown that prejudice resulted from Tuttle's failure to present all other permits to the board with its application. Therefore, the special use permit is not invalid.

Accordingly, we affirm the ruling of the trial court dismissing Willett's petition and entering summary judgment in favor of the Cerro Gordo County Zoning Board of Adjustment.

AFFIRMED.