# IN THE COURT OF APPEALS OF IOWA

No. 18-1513
Filed April 3, 2019

**MODERN PIPING, INC.,**
    Petitioner-Appellee/Cross-Appellant,

**vs.**

**BOARD OF REGENTS, STATE OF IOWA ON BEHALF OF THE UNIVERSITY OF IOWA,**
    Respondent-Appellant/Cross-Appellee.

_____

**BOARD OF REGENTS, STATE OF IOWA ON BEHALF OF THE UNIVERSITY OF IOWA,**
    Petitioner-Appellant/Cross-Appellee,

**vs.**

**MODERN PIPING, INC.,**
    Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

The University of Iowa, Board of Regents, and State of Iowa appeal from the district court order confirming an arbitration award. **AFFIRMED.**

Thomas J. Miller, Attorney General, and George A. Carroll, Assistant Attorney General, for appellants.

Jeffrey A. Stone and Roger W. Stone of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee.

Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The University of Iowa, Board of Regents, and State of Iowa (appellants) appeal from the district court order granting Modern Piping, Inc.'s motion to confirm an arbitration award. They contend they did not consent to arbitration. They also contend that the addition of a second issue to the arbitration significantly altered the substantive issues to be decided. We review the district court's judgment for errors at law. *See Bartlett Grain Co., LP v. Sheeder*, 829 N.W.2d 18, 23 (Iowa 2013).

In 2013, Modern Piping contracted to perform work on two building projects at the University of Iowa. One contract was for work on the Hancher Auditorium Replacement Facility and the other was for work on the University of Iowa Children's Hospital. The contracts contain identical arbitration clauses.

In 2015, Modern Piping moved to compel arbitration following a dispute arising from the Hancher Auditorium building project. The district court granted the motion after determining arbitration was mandatory under the contract.[1] Modern Piping later moved to amend its demand for arbitration to add a claim regarding a performance dispute that had arisen on the Children's Hospital project. Finding both claims came under the same contract provisions and that the amendment did not substantially change the issues before the AAA, the district court granted the amendment in the interest of judicial economy.

The matter proceeded to arbitration before the American Arbitration Association, which ultimately awarded Modern Piping a total of $21,493,129.81

---

[1] The Iowa Supreme Court denied the appellants' interlocutory appeal of this order.

plus interest for the two projects in March 2018. The appellants moved to vacate the arbitration award, and Modern Piping moved the district court to confirm the award. In August 2018, the district court granted Modern Piping's motion to confirm the arbitration award, and this appeal followed.

The appellants contend the district court erred in confirming the arbitration award because they never consented to arbitration. Their argument is one of contract interpretation.

> Generally, when we interpret contracts, we look to the language contained within the four corners of the document. "In the construction of written contracts, the cardinal principle is that the intent of the parties must control, and except in cases of ambiguity, this is determined by what the contract itself says." If the intent of the parties is clear and unambiguous from the words of the contract itself, we will enforce the contract as written.

*DuTrac Cmty. Credit Union v. Radiology Grp. Real Estate, L.C.*, 891 N.W.2d 210, 216 (Iowa 2017) (internal citations omitted). "Cases interpreting language in statutes are persuasive authority in interpreting contractual language." *Thomas v. Progressive Cas. Ins. Co.*, 749 N.W.2d 678, 684 n.5 (Iowa 2008)

Both contracts provide identical clauses regarding arbitration. The first clause concerns disputes submitted to a design professional, who the contract designates to judge interpretation and performance of the contract. Paragraph 4.2.5.4 states that

> any claim, dispute or other matter in question between the Contractor and the Owner referred to the Design Professional, except those which have been waived by the making or acceptance or final payment as provided in the Uniform General Conditions of the Contract, shall be subject to arbitration in accordance with the provisions of the Uniform General Conditions of the Contract.

The second clause concerns decisions of the owner, which paragraph 4.4.1 states "may be submitted to arbitration by mutual agreement of the parties."

In granting Modern Piping's motion to compel arbitration, the district court noted that the contract states disputes regarding decisions of the design professional *shall* be subject to arbitration, whereas disputes concerning a decision of the owner *may* be submitted to arbitration by mutual agreement. Based on the language used in the contract, the court concluded that the arbitration clause relating to disputes referred to the design professional is mandatory while the clause relating to disputes referred to the owner is permissive. The district court affirmed this ruling in its order confirming the arbitration award.

We find no error in the district court's determination that the contract clauses regarding arbitration are mandatory with regard to disputes referred to the design professional. The use of the word "shall" in the clause regarding disputes directed to the design professional indicates arbitration is mandatory. *Cf. Willett v. Cerro Gordo Cty. Zoning Bd. of Adjustment*, 490 N.W.2d 556, 559 (Iowa 1992) (discussing use of the word "shall" in matters of statutory construction). By signing the contract, the appellants consented to mandatory arbitration of those disputes. Modern Piping directed both disputes to the design professional. Therefore, arbitration of the disputes was mandatory. On this basis, we affirm the order confirming the arbitration award.[2]

**AFFIRMED.**

---

[2] Because we affirm the district court, we need not address Modern Piping's alternative argument concerning enforcement of a settlement agreement.