Chaput v. Demars.

---

No. 26,459.

JOSEPH CHAPUT, *Appellant*, v. MOSE DEMARS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Trimming Hedge Fences—Constitutionality of Act.* Sections 29-419 and 29-420 of the Revised Statutes are not unconstitutional; they do not violate any provision of the federal or of the state constitution.

2. SAME—*Adoption of Law—Amendments.* In 1910, Cloud county regularly adopted the provisions of chapter 95 of the Laws of 1897, sections 3776 to 3780 of the General Statutes of 1909. Those laws were amended in 1911, 1919, and 1920. *Held,* that after the adoption of the law in 1910, it was not necessary to again adopt it after the amendments thereto had been made.

3. SAME—*Trimming Hedge Fences—Sufficiency of Notice.* Where the thirty days' written notice prescribed by section 29-420 of the Revised Statutes is given by mail and the landowner receives the notice, the road overseer has authority to cut the hedge as required by law after the expiration of the thirty days.

4. APPEAL AND ERROR—*Harmless Error.* In an action to recover damages for cutting a hedge under sections 29-419 to 29-421 of the Revised Statutes, error of the court in overruling the plaintiff's demurrer to defendant's answer and in instructing the jury that the township board was not liable for the acts of the road·overseer and his workmen in cutting· the hedge is not sufficient ground to cause the reversal of the judgment where the plaintiff could not have recovered even if the demurrer had not been overruled and the court had instructed the jury that the township board was liable for the acts of the road overseer and of his workmen.

Appeal and Error, 4 C. J. pp. 936 n. 74, 1029 n. 30. Constitutional Law, 12 C. J. p. 912 n. 57. Counties, 15 C. J. p. 421 n. 12. Fences, 25 C. J. p. 1020 n. 87. Highways, 29 C. J. p. 624 n. 23. Statutes, 36 Cyc. pp. 995 n. 99, 1008 n. 93, 1027 n. 19.

18—120 KAN.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed February 6, 1926. Affirmed.

*Tom Kennett,* of Concordia, for the appellant.
*Park B. Pulsifer* and *Clyde L. Short,* both of Concordia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued the defendants to recover treble damages caused by their cutting a hedge fence owned by the plaintiff. Judgment was rendered for the defendants, and the plaintiff appeals.

The plaintiff owned real property adjoining the city of Aurora, in Cloud county. On the side of Aurora next to the plaintiff's land, there was a street 27½ feet wide. Along the side of the street, but on the plaintiff's land for a distance of 855 feet there was a hedge growing fifteen to twenty feet high. The defendant, Mose Demars, was the treasurer of Aurora township in Cloud county; Floyd E. McCall was the clerk of the township; Edward Letourneau was the trustee; George Benoche was a road overseer in the township; and Joseph LeDuc and David Trahan were laborers employed by the road overseer to cut the hedge. Defendants Demars, McCall, and Letourneau, as the township board, ordered the road overseer to serve a notice on the plaintiff to trim the hedge, and that if the plaintiff refused the road overseer should do so after the expiration of thirty days after the notice had been served. The road overseer mailed such a notice, which was received by the plaintiff. One hundred feet of the north end of the hedge had been cut, but there had been left, twelve to fifteen feet apart, hedge trees fifteen or twenty feet high. The defendants LeDuc and Trahan cut all of the hedge along the 27½-foot street down to five feet high. In the fence were a number of hedge trees fit for posts all of which, the evidence tended to show, were of the value of $45.

In 1910, Cloud county regularly adopted the· provisions of sections 3776 to 3780 of the General Statutes of 1909, now sections 29-419, 29-420, 29-421, and 29-422 of the Revised Statutes of 1923.

1. The plaintiff argues that the law under which the defendants operated is unconstitutional because it "violates the fourteenth amendment to the federal constitution in that it takes private property without due process of law and denies the equal protection of the law"; because it "violates section 16 of article 2, Kansas con-

stitution"; and because it "violates section 17 of the Kansas constitution."

In 25 C. J. 1020 it is said:

"Laws regulating the building and maintenance of partition fences are enacted in the exercise of the police power and are sustained as constitutional. They are not within the constitutional prohibition against laws which deprive a person of property without due process of law, even though they do not expressly provide for notice of proceedings by the fence viewers."

Why trim hedges along public highways? High hedges obstruct the highways, causing snow to drift in them, prevent their drying out quickly after heavy rains, render the highways more difficult to keep in proper condition, obstruct the view and render them more dangerous. The state, under the exercise of its police power, may legislate to remedy all the conditions produced by high hedges.

The law does not take property without due process of law, and does not deny the equal protection of the law. It does compel an owner of a hedge to keep it in a certain condition at a place where that property affects the public roads, and if he will not do so then the public authorities may do it for him and tax him with the cost of performing the labor.

The title to the act reads, "An act providing for the trimming of hedge fences, and cutting down weeds in the public highways; and providing for its adoption by counties, and repealing all laws in conflict herewith." The whole of the act concerns public highways, although the title to the act separates hedge fences from weeds. That does not make two subjects contained in the act. The act does not violate section 16 of article 2 of the constitution.

Section 17 of article 2 of the constitution of this state reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

The act in question does not violate section 17 of article 2 of the constitution.

The law questioned is not unconstitutional for any of the reasons advanced.

2. It is argued that "there was no provision of law in effect in Cloud county at the time of this trespass in 1923 which permitted anyone to cut this hedge." This argument is based on the fact that

in 1911, 1919, and 1920, the law was amended, and the law as amended does not apply to those counties which had previously adopted the law, but which subsequent to the amendments had not again adopted it. This compels an examination of the amendments made in the years named.

The amendment made in 1911 repealed section 2 of chapter 95 of the Laws of 1897. That section read:

"All owners of real estate shall cut the weeds in the public highway along said real estate, before they go to seed."

The elimination of that section did not change the remainder of the law as it theretofore existed.

In 1919, section 4826 of the General Statutes of 1915 (section 3778 of the General Statutes of 1909 as it had been amended by section 1 of chapter 363 of the Laws of 1905) was amended so as to make an owner of a hedge who did not comply with the provisions of the act guilty of a misdemeanor after thirty days' notice, and providing for a fine of not less than $25 nor more than $100. In 1920, that section of the act was again amended, but the penal provisions were retained. That section now appears as section 29-420 of the Revised Statutes of 1923, and reads as follows:

"That in any county where the provisions of this act shall be adopted any owner or owners of real estate after having been given thirty days' notice in writing either in person or to his or her duly authorized agent, by the road overseer, township trustee or county engineer, shall be required to cut or cause to be cut all hedge fences situated on the land belonging to said person or persons which is located along the public highway, in accordance with the provisions of law relating to hedge fences, and shall cut, or cause to be cut, weeds growing upon the public highway running by said land, and upon failure of said owner or owners to comply with these provisions, said owner or owners shall be guilty of a misdemeanor and shall be subject to a fine of not less than $25 nor more than $100: *Provided,* that the road overseer of the district in which said land is located shall, upon the failure of said owner or owners to comply with the provisions of this act, cut or cause to be cut said hedge fences as provided herein; and cut or cause to be cut said weeds upon the highway as provided herein, and the said road overseer shall in writing report to the county clerk of said county the cost of the cutting of said hedge or said weeds, and thereupon the county clerk shall enter these costs on the tax rolls against the said real estate and the same shall be collected as other taxes, and shall be paid over to the treasurer of the township in which said land is located."

The law was passed under the police power of the state. 12 C. J. 912 uses the following language:

"The police power is a governmental function, and neither the state legislature nor any inferior legislative body to which a portion of such power has been granted can alienate, surrender, or abridge the right to exercise such power by any grant, contract, or delegation whatsoever."

Prior to 1910, the common law as modified by the statutes of this state governed hedge fences situated as the one in controversy. When the provision of sections 3776-3780 of the General Statutes of 1909 were adopted by Cloud county, it chose to abandon the common law as modified by statute and come under the provision of the law described with all the power of the legislature to thereafter change the law as it was adopted. Cloud county did not cease to be under the control of the legislature so far as hedge fences along highways were concerned.

There is no provision in any of the amending statutes requiring that the amendments be submitted to a vote of the people of the county or that the law be again submitted to such a vote. There was nothing in any of the amendments that abrogated the adoption that had been effected. The law was in effect in Cloud county.

3. The sufficiency of the service of the notice to the plaintiff is complained of. It was served by mail. The plaintiff received it. It does not appear wherein nor how the plaintiff was or could have been injured by the manner in which he was notified. Notice to him was required; he received it; that was all that was necessary; he cannot complain of it.

4. It is urged that "the court erred in overruling plaintiff's demurrer to defendant's amended answer," and that "the court erred in his instructions in other particulars, especially in the instruction that the township board was not liable for the acts of the road overseer and his workmen." In answer to these two propositions it must be said that the law was in effect in Cloud county, and the method by which the officers proceeded to make the plaintiff's hedge conform to the law was sufficiently regular to prevent his recovering any damages from any of them. For that reason, it is not necessary to further discuss the order overruling the demurrer to the answer, nor the instructions of the court concerning the nonliability of the members of the township board for the acts of the road overseer and the workmen employed by him.

The judgment is affirmed.