**DES MOINES METROPOLITAN AREA SOLID WASTE AGENCY,
Appellant,**

v.

**CITY OF GRIMES, Appellee.**

No. 91–976.

Supreme Court of Iowa.

Feb. 17, 1993.

James E. Brick of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellant.

Thomas Henderson of Whitfield & Eddy, Des Moines, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

SCHULTZ, Justice.

This appeal presents issues concerning the constitutionality of an ordinance placing a seven-ton weight limitation on a street in the City of Grimes (City). The Des Moines Area Solid Waste Agency (Agency) wants to use this street as an access road for its garbage trucks, which exceed the seven-ton limit, and challenges the legality of the ordinance by a declaratory judgment action. The district court held the City's ordinance was legal. We affirm.

The Agency was created in 1969 pursuant to a provision allowing local governments to provide joint services with other agencies, Iowa Code Chapter 28E (1991). Its function is to dispose of the solid and yard waste for Polk County and sixteen other member municipalities, including the City.

In 1972, the Agency purchased a 160-acre tract of land southwest of the City on which it planned to operate a landfill. In 1972, the Polk County Board of Supervisors (Supervisors) granted a special use permit to the Agency to operate a landfill on the site. The City challenged the Supervisors' decision to grant the special use permit and filed suit in district court. The

permit finally was upheld by this court in 1976. *Town of Grimes v. Board of Adjustment, Polk County,* 243 N.W.2d 625 (Iowa 1976). At the time the property was purchased, the roads leading to it were under the jurisdiction of Polk County and were scheduled for paving.

During the pendency of the appeal, the City accepted voluntary annexations of the property surrounding the proposed landfill site and the roads were placed under the jurisdiction of the City. In 1974, the City enacted an ordinance which imposed a seven-ton weight limitation on gravel roads surrounding the Agency's property, including N.W. 54th Avenue which is the access road to the proposed landfill. The ordinance made the operation of a landfill at this site impossible because the weight of trucks used to transport waste exceeded the seven-ton limitation. This property was never used as a landfill.

In 1989, legislation was enacted requiring that yard waste be separated from other types of garbage and could no longer be buried in landfills, 1989 Iowa Acts ch. 272, section 9, presently, Iowa Code section 455D.9 (1991). The Agency wanted to use the proposed landfill site as a compost facility. The Polk County Planning and Zoning Commission (Commission) approved the Agency's conditional use permit to operate a compost facility on the site. The City appealed the Commission's decision to the Supervisors. The Supervisors upheld the Commission's decision but required the Agency to conduct a traffic study of N.W. 54th Avenue and pay for any road upgrading due to the Agency's use. This decision was challenged in district court and appealed to this court. On this date, we held the permit was improperly granted. *City of Grimes v. Polk County Bd. of Supervisors,* 495 N.W.2d 751 (Iowa 1993).

The Agency filed a declaratory judgment action to challenge the constitutionality of the City's weight embargo ordinance. The district court found that the ordinance was constitutional both on its face and as applied.

On appeal, the Agency asserts the City's weight embargo ordinance: (1) was passed for an improper purpose and constitutes an unreasonable, arbitrary, and improper use of governmental authority and deprivation of property in violation of the Agency's substantive due process rights; (2) violates the equal protection clauses of the state and federal constitutions both on its face and as it is applied; and (3) should be annulled to the extent that it conflicts with or contravenes state mandates and policies. We examine these claims in turn.

I. *Due process.* The Agency challenges the ordinance on grounds of due process. It argues that the ordinance was originally adopted by the City for an improper purpose, to prevent the Agency from placing a landfill on its property. The Agency contends that the City's stated purpose of maintaining its gravel roads is merely a pretext. Further, it urges that the ordinance is unreasonable and arbitrary.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects the individual from the arbitrary exercise of powers of government. *Hurtado v. California,* 110 U.S. 516, 527, 4 S.Ct. 111, 117, 28 L.Ed. 232, 236 (1884). To be constitutional, an ordinance must have a definite, rational relationship to the ends sought to be obtained. *City of Cedar Falls v. Flett,* 330 N.W.2d 251, 255 (Iowa 1983). The party challenging an ordinance has the burden of proving it unconstitutional and must negate every reasonable basis upon which the ordinance may be sustained. When the reasonableness of a city ordinance is questioned, the ordinance will be presumed reasonable, unless the contrary appears on the face of the ordinance or is established by proper evidence. *Iowa City v. Glassman,* 155 Iowa 671, 674, 136 N.W. 899, 901 (1912).

The City enacted the ordinance restricting vehicles weighing over seven tons from using certain portions of N.W. 54th Avenue pursuant to Iowa Code section 321.473 (1991) which provides:

> Local authorities with respect to highways under their jurisdiction may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as to

the weight thereof, on designated highways. . . .

■■ A. *Improper purpose.* At trial, former City council members testified that the ordinance was adopted to prevent the Agency from operating a landfill on the site. However, they also testified that the weight embargo ordinance would help maintain the gravel roads surrounding the Agency's property. Courts generally will not inquire into a municipal council's motives to determine the validity of an ordinance enacted by them in the absence of fraud, corruption or oppression. *Dobbs v. Maine School Admin. Dist. No. 50,* 419 A.2d 1024, 1029 (Me.1980); *Helmsley v. Borough of Fort Lee,* 78 N.J. 200, 394 A.2d 65, 82 (1978), *appeal dismissed,* 440 U.S. 978, 99 S.Ct. 1782, 60 L.Ed.2d 237 (1979); *Schroeder v. Municipal Court of Los Cerritos Judicial Dist.,* 73 Cal.App.3d 841, 847, 141 Cal.Rptr. 85, 88 (2d Dist.1977), *appeal dismissed,* 435 U.S. 990, 98 S.Ct. 1641, 56 L.Ed.2d 81 (1978); 2 McQuillin, *The Law of Municipal Corporations* § 10.35, (3d ed. rev. vol. 1988). As long as a rational basis exists for passing an ordinance, it need not be the real reason for the government's action in order to satisfy substantive due process. *Scott v. City of Sioux City, Iowa,* 736 F.2d 1207, 1216 n. 11 (8th Cir.1984) *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985).

We agree with the district court's determination not to examine the council members' motives in enacting the ordinance. As we will discuss in the next division, we conclude a rational basis exists for passing the ordinance.

■■ B. *Unreasonable.* The Agency asserts that the ordinance is unreasonable because it denies its vehicles access to the property and it does not provide any process for obtaining a variance or permit to exceed the seven-ton limit. Alternatively, the Agency argues that if a process for obtaining a permit exists, the decision to grant or deny a permit is in the discretion of one person.[1] We cannot accept this claim of hardship as a basis for a due process violation. The fact that a law may work a hardship does not render it unconstitutional for reasons that it is arbitrary or unreasonable. *Steinberg–Baum & Co. v. Countryman,* 247 Iowa 923, 932, 77 N.W.2d 15, 20 (1956). We also note that the Agency retained access to its property; the ordinance only restricted it from operating vehicles weighing over seven tons on the embargoed roads.

■■ We believe the more important issue is whether a rational basis exists for adopting the ordinance. The City has a statutory right to prohibit the operation of trucks and may impose limitations on the weight of vehicles using its streets. Iowa Code § 321.473 (1991). We must determine whether the ordinance is rationally related to the ends sought to be obtained, protecting the gravel roads.

At trial, experts testified that the Agency's use of heavy trucks to transport waste would increase the costs of maintaining the gravel roads, due to the road's thin gravel base and black soil under it. The trial court found the City's street budget is over $182,000 and the maintenance cost for this street would rise from $3,700 to $13,000 per year as a result of the Agency's use. The total yearly cost to maintain, rebuild, and control the dust on this street would be $32,000. The district court properly concluded that the ordinance is rationally related to the purpose of preserving the gravel roads and is reasonable and constitutional, especially in relation to the City's small street budget.

■■ C. *Arbitrary.* The Agency argues that the ordinance is arbitrary because it does not apply to all gravel roads in the area and allows other businesses access to their properties. The decision to impose the embargo only on portions of N.W. 54th Avenue was based on the fact that there

---

1. The ordinance does not contain provisions for obtaining a variance or permit to operate vehicles weighing over seven tons on the embargoed roads. At trial, the City's clerk testified that the City does have a permit form for overweight vehicles and applications for permits are submitted to Mendell Munyon, a City employee, for approval. The clerk did not recall that the Agency ever applied for a permit.

were existing businesses east of the railroad tracks at the time the ordinance was enacted. We conclude the City acted within its statutory right to determine the portions of its streets that require a weight embargo.

The Agency also claims the ordinance is arbitrary because the City council did not evaluate any evidence of what weight limitation was necessary to preserve the roads. However, the ordinance was enacted pursuant to section 321.473. Nothing in this section specifies how a council shall arrive at a weight limitation. Furthermore, experts testified at trial that a seven-ton weight limitation was an acceptable means to protect the gravel road from substantial damage. We conclude the City did not act arbitrarily because it did not consider evidence of the proper amount of the weight embargo.

II. *Equal protection.* The Agency argues that the ordinance violates its equal protection rights because the embargo was not imposed on all gravel roads in the area. The embargo did not apply to N.W. 54th Avenue east of the railroad tracks.

■ The City argues that the Agency does not have standing to invoke the protections of the equal protection clause. However, the City did not raise this issue in earlier proceedings and standing must be raised from the outset in order to preserve error. *Richards v. Iowa Dep't of Revenue,* 414 N.W.2d 344, 349 (Iowa 1987). We conclude the City failed to preserve error on this issue.

■ The Agency urges that the test for determining whether the ordinance violates its equal protection rights is whether the ordinance is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Bennett v. City of Redfield,* 446 N.W.2d 467, 474 (Iowa 1989). We conclude the ordinance passes this test. Experts testified that the weight embargo would help to preserve the gravel roads. The ordinance is rationally related to protecting the gravel roads and decreasing the costs of maintaining them.

■ The Agency argues that even if the ordinance is constitutional on its face, it is applied in a discriminatory manner. Specifically, the Agency contends that the ordinance is not being enforced on a local asphalt company. The district court found that the local company operates 25-ton trucks over a small portion of the embargoed road. However, the district court concluded that "the record is vague as to who has enforcement responsibilities, and more importantly, the actual extent to which citations for violations have or have not been issued." We agree with the district court that the Agency has not shown that the ordinance is being applied in a discriminatory manner.

■ III. *Conflict with the state law.* The Agency argues that the ordinance imposing a weight embargo on N.W. 54th Avenue effectively denies it access to its property and thus precludes the use of the property as a compost facility. It reasons that the ordinance conflicts with Iowa Code section 455D.9 (1989), which with certain listed exceptions, prohibits land disposal of yard waste. This section states that "the Department shall assist local communities in the development of collection systems for yard waste ... and shall assist in the establishment of local composting facilities."

In determining whether an ordinance conflicts with state law, we have stated the "traditional test has been whether an ordinance prohibits an act permitted by statute, or permits an act prohibited by statute." *City of Council Bluffs v. Cain,* 342 N.W.2d 810, 812 (Iowa 1983). The district court found that "the ordinance does require municipalities that provide a collection system for solid waste provide a collection system for yard waste, but the statute does not *mandate* local communities to establish composting facilities themselves."

Although the ordinance prevents a compost facility from being operated on the Agency's property, we do not think this constitutes a prohibition of an act permitted by statute. Section 455D.9 simply states that the Department of Natural Resources shall assist local communities in

establishing compost facilities and that yard waste should be separated from solid waste. Although the City's ordinance in effect prevents the operation of a compost facility on the Agency's property, it does not prohibit the establishment of compost facilities.

IV. *Summary.* We have considered every point raised by the parties, although we have not addressed each point in this opinion. We hold that the district court correctly determined the constitutionality of the ordinance in question and that the ordinance does not conflict with state law. We affirm.

AFFIRMED.