J.E. **GOODENOW, individually, and John E. Goodenow, IV, and Marla I. Koob, Trustees of the Goodenow Family Trust, Appellants,**

v.

**CITY COUNCIL OF MAQUOKETA, IOWA, Dennis Storlie, James Peterman, Darrell Rettig, N.J. (Jim) Rankin, Thomas Schueller, Weotha Hinz, Randy Reed and the City of Maquoketa, Iowa, Appellees.**

**No. 96–1626.**

Supreme Court of Iowa.

Jan. 21, 1998.

Steven J. Kahler and Pressley W. Henningsen of Schoenthaler, Roberg, Bartelt & Kahler, Maquoketa, for appellants.

Mike Kane, City Attorney, Maquoketa, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

In this case, we must determine whether a city has authority to enact and enforce an ordinance requiring an abutting landowner to mow grass and weeds growing in a city-owned right-of-way. The district court concluded that a city has such authority and granted summary judgment in favor of the defendant city, thereby dismissing plaintiff landowner's petition challenging such authority. We affirm.

## I.  Background facts and proceedings.

The Goodenow Family Trust ("Trust") is the owner of a farm that has been in the Goodenow family for more than one hundred years. Plaintiff J.E. Goodenow is the beneficiary of the Trust, and plaintiffs John E. Goodenow, IV, and Marla I. Koob, are its trustees. The Trust property consists of approximately 300 acres, 200 of which are located within the city limits of Maquoketa, Iowa, (the "City"). Much of the property that lies within the city limits runs adjacent to city streets, including East Summit Street, and therefore abuts city-owned right-of-ways and

adjoining boulevards and ditches. These right-of-ways extend from the curb lines of the city streets, or if no curb exists, from the traveled portion of the street to the Trust property line. The city-owned right-of-ways at issue in this appeal are now defined by the Maquoketa City Code as "boulevard" property, that is, "property outside the property owner's lot and property lines and inside the curb lines upon the public streets, or in the absence of a curb from the traveled portion of the public street to the lot or property line." Maquoketa, Ia., Code § 6–20–1(A) (1995). The right-of-ways which abut the Trust property consist of steep, rolling ditches, that cannot be mowed with a push mower or riding lawn mower. In the past, the City has used a rotary mower and a sickle bar attached to a utility tractor, along with heavy duty weed eaters to mow the grass and weeds growing in the ditches.

Prior to 1994, the City mowed the ditches/boulevards that abut the Trust property and other city property. In 1994, however, the City decided to transfer mowing responsibilities to abutting property owners. Thereafter, the City sent numerous notices of abatement to Maquoketa property owners, including plaintiff J.E. Goodenow on behalf of the Trust, informing them of their duty to mow weeds growing in the city-owned ditches or pay the City for the cost to perform the work. The City later rescinded those notices.

In 1995, the City amended the city code and enacted title VI regarding "Physical Environment," chapter 20 "Maintaining Boulevard and Private Property."

On August 14, the City served J.E. Goodenow, on behalf of the Trust, with a notice to abate, advising that the high grass and weeds in the city-owned ditch and abutting Trust property constituted a nuisance in violation of the city code and ordering him to mow the ditch and alleviate the nuisance. On August 18, the City served Goodenow with a "Physical Environment Grass Abatement" notice under title VI, chapter 20 of the Maquoketa Code, ordering Goodenow to mow the "high grass/weeds" growing on the abutting City property. The City denied Goodenow's subsequent appeal in a letter dated September 11, and Goodenow further appealed.

On October 16, the city council held a hearing regarding Goodenow's appeal from the City's decision in the September 11 letter. The council voted to deny Goodenow relief from the Notice to Abatement and the Grass Abatement notice.

Thereafter, plaintiffs filed a petition, naming the city council and City as defendants (hereinafter collectively referred to as City), and seeking a declaratory ruling that Iowa Code section 364.12(2)(c) (1995) and title VI, chapter 20 of the Maquoketa Code, as applied, effectuate a taking of their property for private use in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and in violation of article I, section 18 of the Iowa Constitution. Additionally, plaintiffs asserted that the city ordinance is an illegal usurpation by the city of powers reserved to the State of Iowa, and that the ordinance thus exceeds the city's home rule authority. In count IV, plaintiffs asserted that title III, chapter 2 of the Maquoketa Code has been illegally applied to them. Finally, plaintiffs sought a writ of certiorari, asserting that the city council acted illegally and in excess of its authority by enforcing the state statute and city ordinance.

After filing an answer, the City filed a motion for summary judgment. Plaintiffs filed a resistance supported by affidavits and exhibits. After a hearing, the district court granted partial summary judgment in favor of the City as to three counts of plaintiffs' petition. The court first held that Iowa Code section 364.12(2)(c) and Maquoketa Code section 6–20–2 constitute a valid exercise of police power. The court concluded that "[t]he enactments promote and protect public health, morals, safety, and welfare" and that the enactments were reasonably related to carrying out those purposes. The court therefore found that neither the statute nor the ordinance effected a taking of the plaintiffs' property without just compensation. Second, the court held that neither the statute nor the ordinance was arbitrary or unreasonable. Additionally, the court rejected plaintiffs' claim that the statute and ordi-

nance were vague or overbroad. Last, the court held that the ordinance is a valid exercise of the City's home rule authority.

The district court held a subsequent hearing on stipulated facts regarding the remainder of plaintiffs' petition. The court enlarged its prior ruling and denied plaintiffs' request for issuance of a writ of certiorari to prevent enforcement of the ordinance.

Plaintiffs appealed. Plaintiffs make several constitutional and other attacks on the validity of Iowa Code section 364.12(2)(c) and the Maquoketa city ordinance involved here.

### II. Standard of review concerning summary judgment.

Our review of a grant or denial of summary judgment is at law. Iowa R.App. P. 4; *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 528 (Iowa 1995). Summary judgment is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 201 (Iowa 1997). To determine whether there is a genuine issue of material fact, the court must examine the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Iowa R. Civ. P. 237(c); *Red Giant*, 528 N.W.2d at 528. The record here consists of the pleadings, affidavits and exhibits. We review the record in the light most favorable to the party opposing summary judgment; in this sense, we consider a motion for summary judgment as we would a motion for directed verdict. *Smith v. CRST Int'l, Inc.*, 553 N.W.2d 890, 893 (Iowa 1996).

For purposes of defendant City's motion for summary judgment, the City agreed with the facts stated by plaintiffs. Thus, no disputed fact questions are involved here. Only questions of law remain for decision. *See id.*

### III. Constitutional issues.

Plaintiffs Goodenow first contend that Iowa Code section 364.12(2)(c) and title VI, chapter 20 of the Maquoketa Code, as applied to them, effectuate an unconstitutional taking of their property without just compensation and that the district court erred in

granting the City's motion for summary judgment. Plaintiffs also challenge the ordinance on grounds that it is arbitrary, unreasonable, and vague.

Statutes and ordinances are presumed constitutional. *Wettach v. Iowa Bd. of Dental Exam'rs*, 524 N.W.2d 168, 171 (Iowa 1994). The party challenging a statute or ordinance on vagueness grounds has the burden of proving that it is unconstitutional and must negate every reasonable basis upon which the ordinance may be sustained. *Des Moines Metro. Area Solid Waste Agency v. City of Grimes*, 495 N.W.2d 746, 748 (Iowa 1993). "When the reasonableness of a city ordinance is questioned, the ordinance will be presumed reasonable, unless the contrary appears on the face of the ordinance or is established by proper evidence." *Id.* (citing *Iowa City v. Glassman*, 155 Iowa 671, 674, 136 N.W. 899, 901 (1912)).

Maquoketa Code section 6–20–2 provides:

All property owners shall maintain their property and the abutting boulevard according to the following standards:

A. In districts zoned R–1, R–2, R–3, B–1, or B–2, all grasses, weeds, vines and brush shall be cut or destroyed when said growth exceeds six (6) inches in height.

B. In areas zoned other than R–1, R–2, R–3, B–1 or B–2, all grasses, weeds, vines and brush shall be cut or destroyed when said growth exceeds ten (10) inches in height.

C. Keep the abutting boulevard free of holes, excavations, protrusions, or other obstacles which could cause injury to the public.

Section 6–20–1(A) defines "boulevard" as follows:

A. "Boulevard" means the property outside a property owner's lot and property lines and inside the curb lines upon the public streets, or in the absence of a curb from the traveled portion of the public street to the lot or property line.

The ordinance is patterned after Iowa Code section 364.12(2)(c), which provides in pertinent part:

2. A city shall keep all public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, public ways, squares, and commons open, in repair, and free from nuisance, with the following exceptions:

. . . .

c. The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and *inside the curb lines* upon the public streets, except that the property owner shall not be required to remove diseased trees or dead wood on the publicly owned property or right-of-way.

Iowa Code § 364.12(2)(c) (1995) (emphasis added).

The Fifth Amendment to the United States Constitution states that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. This clause is applicable to the states through the Fourteenth Amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358, 364 (1980). The Iowa Constitution similarly provides that "[p]rivate property shall not be taken for public use without just compensation first being made . . . ." Iowa Const. art. I, § 18.

Traditional takings cases generally fall into one of two categories. The first type is where the state or local government regulates private property by ordinance or other means to promote public health and welfare. The second type of takings cases involve condemnation proceedings where the government, state or local, seeks to acquire a portion of privately-owned property under its powers of eminent domain. *See* Iowa Code chapters 3A, 3B.

█ A. Plaintiffs assert that forcing them to mow grass and weeds growing on city-owned property, at their expense, constitutes a taking of their property for public use, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and article I, section 18 of the Iowa Constitution. This claim is based on affidavit evidence presented by plaintiffs showing that

in order to comply with the ordinance, plaintiffs would have to purchase special equipment costing approximately $30,000. Plaintiffs also presented evidence that hiring someone to mow the ditch would cost them approximately $240 per mowing, and that the ditch would need to be mowed two or three times per month during the growing season, totaling between $480 and $720 per month. In essence, plaintiffs contend that the ordinance is a special tax assessed against them and certain other property owners, to pay for a public benefit, and that the ordinance thus violates constitutional provisions requiring uniformity and equality of taxation by creating a burden which does not bear upon all citizens alike. *See* 39 Am.Jur.2d *Highways, Streets & Bridges* § 79 (1968).

Plaintiffs' case, as presented to us on appeal, does not raise traditional takings analysis. This is because the city ordinance involved here does not regulate the use of plaintiffs' real property, but rather imposes a duty on plaintiffs to maintain city-owned property at their expense. Without deciding whether expenses incurred by plaintiffs in mowing city-owned property may be the subject of a takings claim, for reasons discussed below, we find that Iowa Code section 364.12(2)(c) and Maquoketa Code sections 6–20–2 and 6–20–1(A) constitute valid exercises of police power and thus do not effectuate an unconstitutional taking of plaintiffs' property.

█ The state has control over the public highways within its borders and may delegate that authority to municipalities. *Louden v. Starr*, 171 Iowa 528, 541, 154 N.W. 331, 335 (1915). "A municipality may exercise its police power by adopting ordinances to promote the public welfare, to provide for the safety and comfort of its inhabitants, and to declare and prevent nuisances." *City of Cedar Falls v. Flett*, 330 N.W.2d 251, 255 (Iowa 1983) (citing *Town of Grundy Center v. Marion*, 231 Iowa 425, 433, 1 N.W.2d 677, 681 (1942)). To be constitutional, however, the ordinance must have a definite, rational relationship to the ends sought to be served by the ordinance. *Flett*, 330 N.W.2d at 255.

There seems to be no dispute that a city can enact an ordinance forcing landowners to mow weeds and grasses *on their own proper-*

**24**

*ty.* Such ordinances have survived constitutional challenges. *See Chaput v. Demars,* 120 Kan. 273, 243 P. 311, 312–13 (1926); *Sobocinski v. City of Williamsport,* 13 Pa. Cmwlth. 425, 319 A.2d 697, 699–700 (1974); *McDonald II v. State,* 693 S.W.2d 660, 661–62 (Tex.Ct.App.-Dallas 1985); *Pope v. City of Houston,* 559 S.W.2d 905, 907 (Tex.Ct.App.-Dallas 1977). The fighting issue in this case is whether the City can force an abutting landowner to mow grass and weeds growing on *city-owned property* for the benefit of the public, but at the expense or labor of the landowner. This is an issue of first impression in Iowa.

By analogy, Iowa Code section 364.12(2)(b) imposes a duty on abutting landowners to remove snow and ice from city-owned sidewalks abutting their property. Although section 364.12(2)(b) has never been challenged on a constitutional basis, our recent decision in *Humphries v. Methodist Episcopal Church,* 566 N.W.2d 869 (Iowa 1997), that a one-foot concrete apron abutting a curb does not qualify as "sidewalk" under Iowa Code section 364.12(2)(b), seems to assume its validity. In addition, similar statutes in other states have withstood constitutional challenge. *See City of Carbondale v. Brewster,* 78 Ill.2d 111, 34 Ill.Dec. 838, 841–42, 398 N.E.2d 829, 832–33 (1979); 39 Am.Jur.2d *Highways, Streets & Bridges* § 79. The theory supporting the sidewalk snow removal statutes is that it is reasonable to impose such a duty on an abutting landowner, in return for the benefits the city provides, and that every citizen has an obligation to render some unpaid service to the state in certain situations. *See* 39 Am.Jur.2d *Highways, Streets & Bridges* § 79; Annotation, *Constitutionality of Statute or Ordinance Imposing Upon Abutting Owners or Occupants Duty in Respect of Care or Condition of Street or Highway,* 58 A.L.R. 212, 217–218 (1929). Applying this theory to facts nearly identical to those raised in this appeal, two jurisdictions have held that states have authority to require abutting landowners to cut or clear away weeds growing along public highways.

In *Northern Pacific Railway Co. v. Adams County,* 78 Wash. 53, 138 P. 307 (1914), the Washington supreme court upheld a state statute requiring abutting landowners to cut weeds growing along public highways at the landowner's expense. The court compared the statute with statutes requiring abutting landowners to remove snow and ice from city-owned sidewalks on their property. The court reasoned that the policies supporting the snow removal statutes likewise justified requiring abutting landowners to cut weeds along state highways.

In *Commonwealth v. Watson,* 223 Ky. 427, 3 S.W.2d 1077 (1928), the court of appeals upheld a statute requiring abutting landowners to cut or clear away weeds and bushes growing along public highways. As in the Washington case, the Kentucky court concluded that it was reasonable to require abutting landowners to clear away weeds along public highways for the same reason that cities had authority to require landowners to remove snow from city-owned sidewalks abutting their property.

Following the courts' reasoning in the Washington and Kentucky cases, we agree with the district court that Iowa Code section 364.12(2)(c) and Maquoketa Code section 6–20–2 constitute valid exercises of police power. We believe that the enactments are designed to maintain the height of weeds and grasses along the boulevard of city streets to ensure adequate view of the road and access thereto, especially at or near intersections, and to prevent vegetation from becoming unsightly and unsafe to the public. The following language from the *Watson* case illustrates the point:

> The purpose of the statute was to make the highway free of all obstructions and to provide a clear view along the highway, to the end that accidents may be avoided and the lives and property of the citizens be properly protected. In other words the statute was enacted for the public safety, which has always been regarded as a proper subject of police power.... [I]t operates alike on all persons similarly situated. It not only imposes an obligation upon those who by reason of their peculiar situation are best able to perform it but the work required is a distinct benefit to them or their property. Moreover, the duty

thus imposed does not differ materially either in kind or degree from the duties which have been imposed upon our citizens since the foundation of the commonwealth, and which have always been recognized as valid, such as the duty to work a public road, or to assist an officer in the performance of a duty, or to permit the destruction of one's property when the circumstances require it.

*Watson,* 3 S.W.2d at 1079. We further note that "[a] law does not become unconstitutional because it works a hardship." *Woodbury County Soil Conservation Dist. v. Ortner,* 279 N.W.2d 276, 279 (Iowa 1979) (citing *Chicago Title Ins. Co. v. Huff,* 256 N.W.2d 17, 25 (Iowa 1977)). Additionally, the fact "that one must make substantial expenditures to comply with regulatory statutes does not raise constitutional barriers." *Ortner,* 279 N.W.2d at 279 (citing *Northwestern Laundry v. City of Des Moines,* 239 U.S. 486, 491–92, 36 S.Ct. 206, 208–09, 60 L.Ed. 396, 400–01 (1916)).

We therefore conclude that Iowa Code section 364.12(2)(c) and the Maquoketa city ordinances promote and protect the public health, safety, and welfare of persons who travel the city streets, and that the enactments are reasonably related to achieving those goals. The enactments thus constitute valid exercises of police power and do not amount to a taking of plaintiffs' property. *See Ortner,* 279 N.W.2d at 278 (regulations enacted to promote public health and welfare are valid exercises of police power for which no compensation need be paid).

■ B. The ordinance states that "all grasses, weeds, vines and brush [growing on or next to the landowner's property] shall be destroyed" when they exceed a certain height. Maquoketa, Ia., Code § 6–20–2. Under a fair reading of this language, an abutting landowner has an affirmative duty to cut or destroy whatever vegetation is growing on the boulevard. We, therefore, conclude that the ordinance is sufficiently definite to put abutting landowners on notice as to their duty to "maintain their property and the abutting boulevard" and reject plaintiffs' argument that the ordinance is unconstitutionally vague in that regard.

■ C. Additionally, the ordinance requires an abutting landowner to "[k]eep the abutting boulevard free of holes, excavations, protrusions, or other obstacles which could cause injury to the public." Maquoketa, Ia., Code § 6–20–2(C). In determining the meaning of this language, we follow the rule that laws are interpreted in a manner consistent with the purpose which they were intended to serve. *Probasco v. Iowa Civil Rights Comm'n,* 420 N.W.2d 432, 434 (Iowa 1988). Applying this rule, we believe the city council only intended for abutting landowners to be responsible for keeping the boulevard free from foreign or unnatural objects or obstacles, and not for maintaining road signs, culverts, driveways, utility poles, or other items as plaintiffs suggest. Furthermore, the city has not asked, or otherwise indicated, that plaintiffs will be responsible in the future for maintaining these items. The City has only asked that plaintiffs mow the abutting city-owned property.

■ Moreover, the ordinance imposes height restrictions regarding the vegetation growing along the boulevard, depending on the zoning classifications, and thus gives abutting landowners measurable standards to follow in fulfilling their duties under the ordinance. *See* Maquoketa, Ia., Code § 6–20–2. We thus reject plaintiffs' claim that the ordinance is arbitrary or unreasonable, or that it is too vague or overbroad concerning standards to be followed by those having a duty under the ordinance. *Cf. Sobocinski,* 319 A.2d at 701 (ordinance prohibiting growth of grass or weeds above six inches in height not unconstitutionally vague).

*IV. Home Rule issue.*

Having concluded that Iowa Code section 364.12(2)(c) and the Maquoketa City ordinance are constitutional as valid exercises of police power, we turn to plaintiffs' claim that the ordinance exceeds powers reserved to the state and thus violates the City's home rule authority.

■ A. Iowa Code section 364.12(2)(c) provides that the city is generally responsible for maintenance of public property, but also states that the city may require abutting property owners to maintain city property

from their lot or property line to the curb line upon the public streets. The city ordinance, however, requires property owners to maintain their property and the abutting boulevard. Maquoketa, Ia., Code § 6–20–2. As previously mentioned, the term "boulevard" is defined as "the property outside a property owner's lot and property lines and inside the curb lines upon the public streets, or in the absence of a curb from the *traveled portion of the public street to the lot or property line.*" *Id.* at 6–20–1(A) (emphasis added). Plaintiffs assert that a landowner's duty to maintain this additional portion of property up to the traveled portion of the public street is irreconcilable and inconsistent with Iowa Code section 364.12(2)(c).

■■■■ Article III, section 38A of the Iowa Constitution provides:

Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the general assembly.

The rule or proposition of law that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state.

This provision of the Iowa Constitution, known as the "Home Rule Amendment," grants municipal corporations broad authority to regulate matters of local concern, subject to preemption by laws of the general assembly. *See City of Council Bluffs v. Cain,* 342 N.W.2d 810, 812 (Iowa 1983). A municipality may enact an ordinance on matters which are also the subject of state statutes, unless the ordinance invades an area of law reserved by the legislature to itself. *City of Des Moines v. Gruen,* 457 N.W.2d 340, 342–43 (Iowa 1990). Additionally, a municipality may set standards "more stringent than those imposed by state law, unless state law provides otherwise." Iowa Code § 364.3(3); *Police Officers' Ass'n v. Sioux City,* 495 N.W.2d 687, 693 (Iowa 1993). Limitations on a municipality's power and authority over local affairs are not implied;

they must be imposed by the legislature. *Police Officers' Ass'n,* 495 N.W.2d at 693–94.

■■■■ A municipal ordinance is "inconsistent" with a law of the General Assembly and, therefore, preempted by it, when the ordinance prohibits an act permitted by a statute, or permits an act prohibited by the statute. *Id.* When considering whether a city ordinance violates "home rule" powers, we seek to interpret the state law in such a manner as to render it harmonious with the ordinance. *Id.* If the ordinance cannot be reconciled with the statute, the statute prevails. *Gruen,* 457 N.W.2d at 342.

Applying these rules, we agree with the district court that the ordinance constitutes a legitimate exercise of the city's home rule authority. First, Iowa Code section 364.12(2)(c) does not expressly limit the city's power in this situation. Second, we believe that by using the phrase "curb lines," instead of the term "curb," in section 364.12(2)(c) the legislature intended that abutting property owners, in the absence of a curb, should maintain property outside the lot and property lines to the area where the curb would be located. The ordinance is therefore consistent with the intent of section 364.12(2)(c), in that it requires the abutting landowner to mow from the landowner's property line to *inside the curb lines* on the public street, or in the absence of a curb, to the traveled portion *of the public street.* At most, the ordinance imposes a more stringent requirement than the statute on abutting property owners regarding maintenance of property up to the traveled portion of the public street.

■■ B. We further reject plaintiffs' contention that the ordinance is inconsistent or irreconcilable with Iowa Code section 317.10. Iowa Code section 317.10 is a general statute, which under plaintiffs' view, places the burden of mowing weeds on the City, as the owner of the City's right-of-way. *See* Iowa Code § 1565–a (1913) (now codified at § 317.10). However, Iowa Code section 364.12(2)(c) is a later, more specific statute, which expressly authorizes a city, through an ordinance, to impose a duty on the abutting property owner to maintain all property from the owner's property line to the curb line

upon the public streets. 1972 Iowa Acts ch. 1088, § 22. Iowa Code section 364.12(2)(c) thus prevails in this situation and is the statute against which the validity of the ordinance must be measured. *See* Iowa Code § 4.7 (conflict between general and special statutes), § 4.8 (later statute prevails); *Citizens' Aide/Ombudsman v. Miller*, 543 N.W.2d 899, 902–03 (Iowa 1996). The duty contemplated by the legislature to maintain property along the public streets as described in Iowa Code section 364.12(2)(c) reasonably includes the duty to mow grass and weeds growing in the city-owned right-of-way. The Maquoketa city ordinance that imposes this duty on the plaintiffs is therefore consistent with Iowa Code section 364.12(2)(c), which prevails in this instance over Iowa Code section 317.10.

### V. Disposition.

■ In their reply brief, plaintiffs assert that the ordinance is unconstitutional because it fails to define the terms "grasses, weeds, vines and brush." Plaintiffs did not raise this issue before the district court, or in their initial brief, and therefore failed to preserve error regarding this issue. *See State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206–07 (Iowa 1984) (issues must be presented to and ruled upon by trial court to be preserved for appeal). We thus need not consider it in this appeal. *See Mueller v. St. Ansgar State Bank*, 465 N.W.2d 659, 660 (Iowa 1991); *Monahan Loan Serv., Inc. v. Janssen*, 349 N.W.2d 752, 755 (Iowa 1984).

In summary, we hold that Iowa Code section 364.12(2)(c) and Maquoketa Code sections 6–20–2 and 6–20–1(A) are constitutional as valid exercises of police power. We further conclude that the defendant City has authority to require an abutting landowner to cut or destroy vegetation growing along city-owned right-of-ways at the landowner's expense, and that such enactment is consistent with Iowa Code sections 364.12(2)(c) and 317.10. No factual questions exist and the questions of law have been adversely determined against plaintiffs. We find no merit to any of plaintiffs' contentions. The district court properly granted the defendant City's motion for summary judgment and properly dismissed plaintiffs' petition.

**AFFIRMED.**