# IN THE COURT OF APPEALS OF IOWA

No. 22-0993
Filed May 10, 2023

**SHRI LAMBODARA, INC.,**
    Plaintiff-Appellee,

**vs.**

**PARCO, LTD.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Melissa Anderson-Seeber, Judge.

Parco, Ltd. appeals from the district court's grant of summary judgment to Shri Lambodara, Inc. **AFFIRMED.**

Peter D. Arling and Alyssa M. Carlson of O'Connor & Thomas, P.C., Dubuque, for appellant.

Jordan M. Talsma of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellee.

Heard by Greer, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

This case arises from a dispute between two adjoining landowners over whether a covenant granting pedestrian and vehicular access between their lots had expired. After Parco, Ltd. blocked access between its lot and a lot owned by Shri Lambodara, Inc. (Lambodara), Lambodara petitioned for declaratory judgment. In resistance, Parco argued the covenant was an expired negative easement or use restriction and counterclaimed for trespass and an injunction. The district court granted summary judgment to Lambodara, finding the covenant had not expired because it was an easement and not a use restriction. The district court also dismissed Parco's counterclaims. We affirm based on a straightforward application of the 2014 statutory amendments to Iowa Code section 614.24(5)(a) (2020), supported by the covenant's plain language and the structure of the document.

### I. Background Facts and Proceedings

Lambodara and Parco own adjoining businesses in Black Hawk County. The land is divided into three lots, as shown on the aerial map admitted at trial, which we have included on the following page. Lot 1 occupies the bottom portion of the map, Lot 2 occupies the upper left portion, and Lot 3 is in upper right. We have added the bold black labels for "Lot 1 (Parco)" and "Lot 3 (Lambodara)" for clarity, as the underlying labels are visible but not easy to read in the scanned copy of the exhibit in our record.



A 1984 deed of dedication with eight covenants governs all businesses on the lots. The first three paragraphs of the deed (A through C) regulate use of the land in ways immaterial to this appeal, and the fourth paragraph (D) establishes a twenty-one-year expiration for the three preceding paragraphs. Paragraph G, the language in contention, provides:

> For the mutual benefit of the undersigned, its successors and assigns in the ownership of the lot in said subdivision, the undersigned covenants that no barriers will ever be erected to prevent free and unlimited access for the owners and tenants and invitees on the lots in said subdivision between the driveways and parking areas on the lots in said subdivision, and this provision shall be a covenant running with the land as though incorporated in each and every deed and mortgage for all the lots in said subdivision

hereafter, and may be enforced by the owners or tenants of any lot in said subdivision.

Parco has owned a restaurant on Lot 1 since shortly after execution of the 1984 deed, and Lambodara has owned a hotel on Lot 3 since December 2009. At the start of the relationship between Lambodara and Parco, the parties got along, and patrons of the businesses had free access between the parking areas of all three lots. Tensions flared in 2015 when Parco started to build a curb on its property, blocking vehicle access between Lots 1 and 3. Lambodara's attorney demanded Parco stop building the curb and alleged Parco was violating paragraph G. After receiving the letter, Parco ceased construction and removed what it had built.

In 2017, Parco spent $51,724.21 to repair a damaged patch of concrete near the boundary of Lots 1 and 3. Parco later accused Lambodara of causing the damage, but between 2017 and 2021, Parco did not accuse Lambodara of damaging the concrete, nor did Parco request that Lambodara's customers refrain from driving near the area.

Relations between the neighbors deteriorated after December 2020 when Parco directed snow to be piled near the boundary between Lots 1 and 3, obstructing access between the lots. Lambodara's attorney demanded Parco remove the snow according to the paragraph G easement. Parco's attorney responded and claimed that paragraph G was a negative easement that had expired. Parco also asserted that while Parco previously "allowed [Lambodara's] customers' recent use of its property outside the Easement, that use creates a potential danger to Parco's customers as they access the [restaurant] operated by

Parco and, furthermore, has created significant damage to the paved surface on Parco's property." In April 2021, Parco erected concrete barriers in the area where the snow had been, which led to litigation.

Lambodara petitioned for declaratory judgment, requesting the district court construe paragraph G as an easement requiring Parco to keep free and open access between the lots. Lambodara also requested a permanent injunction against Parco impeding access between Lots 1 and 3. Parco counterclaimed for trespass and for an injunction against Lambodara. Both parties sought full or partial summary judgment. The court reserved ruling on summary judgment and heard evidence in a bench trial. After trial, the court granted Lambodara's motion for summary judgment, found that the language of paragraph G created an easement rather than a use restriction, and denied Parco's counterclaims. Parco appeals.

## II.     Standard of Review

We review a summary judgment ruling for corrections of errors at law. *See Susie v. Family Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020). Summary judgment is appropriate when no disputed issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See id.*

## III.     Discussion

The parties on appeal largely cast the debate as concerning whether paragraph G is an "affirmative easement" or a "negative easement" under Iowa's historical case law. We, like the district court found and a commentator suggests, believe this language is outdated in light of the 2014 amendments to Iowa Code section 614.25. The analysis required by that section turns on whether a covenant

is an easement or a "use restriction." *See* David M. Erickson & Christopher Talcott, *Iowa Practice Series: Real Estate Law and Practice* § 1:12 (Nov. 2022 update) (noting that the definition of "use restrictions" under the 2014 amendment "is generally consistent with the Iowa Supreme Court's prior case law—indeed, the amendment could be seen as simply clarifying the original intent of the drafters of the Stale Uses and Reversions Act").

The 2014 amendments to chapter 614 defined "use restrictions" to exclude "easement[s] for pedestrian or vehicular access." *See* 2014 Iowa Acts ch. 1067, § 1 (codified at Iowa Code § 614.24(5)(a)). Paragraph G is such an easement: it requires "free and unlimited access for [Lambodara's] owners and tenants and invitees . . . between the driveways and parking areas on [Parco's] lot[]." Because the General Assembly expressly carved out pedestrian- and vehicular-access easements from "use restrictions," the twenty-one-year expiration does not apply, and we affirm the district court. The analysis could end here. But, given the parties' briefing, we go further.

Even if were to use the outdated terminology of "affirmative easement" and "negative easement," we would come to the same conclusion. Paragraph G grants one party (Lambodara and its tenants and invitees) use of another's land (Parco's lot), which is the textbook historical definition of an affirmative easement. *See Amana Soc'y v. Colony Inn, Inc.*, 315 N.W.2d 101, 110 (Iowa 1982); *see also* Restatement (First) of Property §§ 451–52 (Am. Law Inst. Mar. 2023 update). Even the more restrictive language of paragraph G, which expressly forbids barriers, is consistent with an affirmative easement. *See* Restatement (Third) of Property: Servitudes § 1.2(1) (Am. Law Inst. Mar. 2023 update) (recognizing an

easement that creates "a nonpossessory right to enter and use land in the possession of another . . . obligates the possessor not to interfere with the uses authorized by the easement"). Paragraph G, under the historical case law, would be an affirmative easement.

While we think this case is resolved on the plain language of the covenant and application of the statutory text, we also find the structure of the document supports the district court's ruling. Paragraph D explicitly provides that paragraphs A through C only endure "for a period of twenty-one years," and no such limitation applies to paragraph G. The covenant's drafters knew how to impose the twenty-one-year limitation for use restrictions, and we presume they acted deliberately when they did not include such a provision for paragraph G. *Cf. Farmers Coop. Co. v. DeCoster*, 528 N.W.2d 536, 539 (Iowa 1995) ("[W]here a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed."). Also, rather than being grouped with the use restrictions in A through C, the covenant drafters placed paragraph G following easements in paragraphs E and F. Various canons, as well as common sense, tell us that the grouping and sequence of provisions can help us understand intent. *Cf.* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 152, 196–97, 214 (2012) (explaining the nearest-reasonable-referent, associated-words, and distributive-phrasing canons of construction, all of which support the notion that the sequencing and placement of terms is useful in understanding text). To the extent either party argues paragraph G is ambiguous, we find the covenant operates as an easement rather than a use restriction.

In support of its claim otherwise, Parco cites an unpublished decision of our court and an out-of-state decision. We think both cases are distinguishable. In *Franklin v. Johnston*, the covenant at issue acted only to restrict access into a specific area, rather than facilitating "free and unlimited access" of a property. *See* No. 15-2047, 2017 WL 1086205, at *4 (Iowa Ct. App. Mar. 22, 2017). The *Franklin* covenant also explicitly expired after a twenty-one-year period, while paragraph G here has no expiration date. *Id.* The Georgia case relied on by Parco, *Davista Holdings, LLC v. Capital Plaza, Inc.*, also involved language that only acted to restrict the rights of a landowner, rather than creating an affirmative right to use of a property. *See* 741 S.E.2d 266, 270 (Ga. Ct. App. 2013). The terms of the covenant in that case also explicitly expired after twenty years, further distinguishing it from paragraph G. *See id.* at 268.

Last, concerning counterclaims, Parco's opening brief offers a sole paragraph on this issue, with no citation to legal authority. We conclude Parco waived its claim, as saving development of an argument for the reply brief is improper and deprives the appellee of any opportunity to respond on the merits. *See* Iowa R. App. P. 6.903(2)(g)(3); *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018); *Goodenow v. City Council*, 574 N.W.2d 18, 27 (Iowa 1998). But even if this claim had been raised in the opening brief, we would affirm. In finding paragraph G was an easement rather than a use restriction, the district court necessarily disposed of Parco's counterclaims, as any alleged trespass or request for injunction was meritless as a matter of law. *See* Restatement (First) of Property § 451.

**IV.** **Disposition**

We hold paragraph G is an easement not subject to the twenty-one-year expiration period, rather than a use restriction, and we affirm the district court.

**AFFIRMED.**