Earl L. HECK, Appellant,

v.

GEO. A. HORMEL CO. and the Prudential Company of America, Appellees.

No. 58453.

Supreme Court of Iowa.

Dec. 21, 1977.

Ulstad, Guinan & Cornell, Fort Dodge, for appellant.

Johnson, Burnquist, Erb, Latham & Gibb, Fort Dodge, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

This is an action by which plaintiff seeks to recover certain benefits he alleges are due him under a working agreement contract between George A. Hormel Co., his employer, and United Packing House Food and Allied Workers of America, AFL–CIO, the labor union to which the employees of George A. Hormel Co. belong. This contract was administered by The Prudential Insurance Company of America.

The labor union is not a party to this action. The defendants are George A. Hormel Co. and The Prudential Insurance Company of America, both of whom filed a special appearance asserting lack of subject matter jurisdiction. The special appearances were sustained, and we reverse.

Plaintiff asserts he sustained injuries while employed by Hormel which left him disabled to the point that he is "wholly and continuously prevented from performing the duties of his occupation." He asks judgment for benefits due him under the policy in the amount of $117,369.00.

Hormel and Prudential base their special appearances on the following provisions contained in the working agreement:

"For the purpose of establishing fair, reasonable, and equitable conclusions to any controversy, an arbitration board shall be formed consisting of one person selected by the Union, one chosen by the Company, and one chosen by these two. * * All the decisions of the arbitration board shall be final and binding on both parties."

Arbitration was not sought by Heck. Instead he filed the present action in district court. Failure to arbitrate before filing suit was the basis on which the trial court sustained the special appearance of each defendant.

At the outset we note this is not an action seeking to circumvent the Workers' Compensation Act. It is rather a claim under a contract by which Hormel has agreed with the labor union to pay certain benefits to injured employees in addition to any rights they have under that statute.

The order appealed from contains this statement:

"It appears to this court that it is a prerequisite to suit, in the instance of an exclusive contractual arbitration procedure, that the plaintiff must first at least attempt to exhaust such procedures. This would seem to be, in this court's opinion at least, sound public policy in that it would encourage the performance of contracts as opposed to the breach thereof; and it would encourage a swift and inexpensive process for the settlement of disputes such as exist here."

We agree with the observations of the trial court but hold they furnish no basis for sustaining the special appearances.

■ It is clear the present action is one over which the district court has jurisdiction unless the arbitration clause in the Hormel contract deprives it of that power. The question is whether the arbitration clause stripped the court of jurisdiction or merely imposed a condition precedent to the commencement of action.

■ We believe it is the latter. We are unwilling to hold that parties may by contract deprive courts of jurisdiction which the law reposes in them. Jurisdiction is the power to decide cases of a general class. *See Fabricius v. Montgomery Elevator Co.,* 253 Iowa 860, 861, 114 N.W.2d 297,

298 (1962); *Christensen v. Woodbury County*, 251 Iowa 1259, 1265, 105 N.W.2d 102, 106 (1960).

Some courts, it is true, speak in terms of loss of jurisdiction under the circumstances existing here. *See Desert Coca Cola Bottling Company v. General Sales, Drivers, etc.*, 335 F.2d 198, 199 (9th Cir. 1964). However, we believe the better view is that expressed by those courts which say an arbitration agreement merely imposes a condition precedent to a determination of the case. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, 583 (1965); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, 854 (1967); *International Assn. of Heat and Frost Insulators, etc. v. Leona Lee Corp.*, 434 F.2d 192, 194 (5th Cir. 1970); *Grunwald-Marx, Inc. v. Los Angeles Joint Board Amalgamated Clothing Workers of America*, 192 Cal.App.2d 268, 13 Cal.Rptr. 446, 451 (1962).

This does not mean, however, that Heck may have the courts resolve his dispute without first attempting arbitration. It means only that the special appearances should have been overruled.

In resisting the special appearances, plaintiff asserted this is not an arbitrable dispute. In the alternative he argued the case should be stayed pending arbitration if the court found the matter was in fact subject to arbitration. We consider this as a motion for a stay order.

■ Whether this is an arbitrable controversy, whether plaintiff is entitled to go forward with his action at this time, and whether plaintiff should have a stay order pending arbitration are matters which may be raised by proper motion but not by special appearance or resistance thereto.

■ Although the trial court order was based entirely on the arbitration clause in the working agreement, defendants also assert the district court is without jurisdiction because plaintiff has filed a claim against Hormel under the Workers' Compensation Act, § 85.20, The Code. They rely on *Jansen v. Harmon*, 164 N.W.2d 323 (Iowa 1969).

There is no merit in this argument. The fact that an employee's rights against an employer for industrial accidents lie exclusively within the provisions of Chapter 85 does not prevent the parties from agreeing by contract to augment the benefits there conferred. The present action is not a claim in derogation of the Workers' Compensation Act; it is a claim to enforce a contract similar to an insurance contract.

We reverse the ruling sustaining the special appearance of each defendant and remand for further proceedings.

REVERSED AND REMANDED.