**CITY OF DES MOINES, Appellee,**

v.

**Stan GRUEN, Appellant.**

**No. 89–690.**

Supreme Court of Iowa.

June 20, 1990.

As Corrected Sept. 11, 1990.

---

Dennis L. Eaton, Des Moines, for appellant.

Lawrence R. McDowell, Asst. City Atty., Des Moines, for appellee.

McGIVERIN, Chief Justice.

Defendant Stan Gruen kept unregistered automobiles, used tires, and old automobile component parts around the garage and in the back yard of his residence in Des Moines. A neighbor complained to the city zoning inspector. The zoning inspector investigated the complaint, found it to be valid, and asked Gruen to clean up his property. When Gruen failed to do so, plaintiff City of Des Moines charged him with a municipal infraction, namely, violation of section 2A–7(S), Municipal Code of the City of Des Moines (1985) (restricting the parking or storage of certain vehicles, vehicle parts and "miscellaneous junk").

After a bench trial, the district court ruled that Gruen was guilty of the infraction, assessed a civil penalty of $100 against Gruen, and ordered him to cease violating the municipal ordinance. *See* Iowa Code § 364.22 (1987 & Supp.).

Gruen appealed. He does not dispute that he violated the ordinance. The central issue in his appeal is the constitutionality of the ordinance under Article III, section 38A of the Iowa Constitution.

I. *The Home Rule Amendment.* Article III, section 38A of the Iowa Constitution provides:

> Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the general assembly.
>
> The rule or proposition of law that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state.

This provision of the Iowa Constitution, known as the "Home Rule Amendment," grants municipal corporations broad authority to regulate matters of local concern, subject to preemption by laws of the general assembly. *See City of Council*

*Bluffs v. Cain,* 342 N.W.2d 810, 812 (Iowa 1983) (discussing analysis followed under the Home Rule Amendment in terms of state law preemption of municipal regulations). A municipal ordinance is "inconsistent" with a law of the general assembly and, therefore, preempted by it, when the ordinance "prohibits an act permitted by a statute, or permits an act prohibited by a statute." *Id.* A municipal ordinance also is preempted by state law when the ordinance invades an area of law reserved by the legislature to itself. *Id.*

■ II. *The constitutional and regulatory framework applied to this case.* In general, automobiles in Iowa are required to be registered with the state. *See* Iowa Code §§ 321.17–321.173. Gruen, however, is an automobile dealer. Iowa Code section 321.48(1) (1987) provides:

> When the transferee of a vehicle is a dealer who holds the vehicle for resale and operates the vehicle only for purposes incident to a resale and displays a dealer plate on the vehicle or does not drive such vehicle or permit it to be driven upon the highways, such transferee shall not be required to obtain a new registration or a new certificate of title but upon transferring title or interest to another person shall execute and acknowledge an assignment and warranty of title upon the certificate of title assigned to the person and deliver the same to the person to whom such transfer is made.

Although the record on this point is ambiguous, for the sake of argument we accept Gruen's assertion that the district court found the vehicles on his property to be exempt from registration under Iowa Code section 321.48(1).

Section 2A–7(S) of the Municipal Code of the City of Des Moines (1985) provides:

> No person shall park, place, keep or store, or permit the parking or storage of a stock car, racing car, inoperable vehicle, vehicular component parts, or miscellaneous junk and debris on any public or private property unless it shall be in a completely enclosed building. This regulation shall not apply to legitimate businesses operating in a lawful place and manner provided, however, that such outside areas are screened from public view.

"Inoperable vehicle" means:

> Any motor vehicle, recreational vehicle, boat, trailer, or semitrailer which lacks a current registration or component part which renders the vehicle unfit for legal use.

Section 2A–3(I), Municipal Code of the City of Des Moines. The parties agree that one effect of sections 2A–7(S) and 2A–3(I) is to make it a municipal infraction to store any unregistered automobile outside an enclosed building, at least in an area zoned for only residential use. *See also* Municipal Code of the City of Des Moines § 2A–36.01 (anyone who violates chapter 2A is guilty of a municipal infraction).

There was evidence that Gruen stored "inoperable vehicles," "vehicular component parts," and "miscellaneous junk" on his residential property in violation of section 2A–7(S). The district court, however, based its finding of a violation solely on the "inoperable vehicle" prong of the ordinance. Again for the sake of argument, we accept Gruen's assertion that the court found the vehicles "inoperable" because the vehicles lacked current registrations.

In sum, Gruen was found guilty of violating a municipal ordinance which restricts the parking and storage of lawfully unregistered vehicles to enclosed buildings, at least when such vehicles are parked and stored in a residential neighborhood. Gruen contends that this ordinance is "inconsistent" with Iowa Code section 321.48(1) and, therefore, unconstitutional under Article III, section 38A of the Iowa Constitution.

In considering Gruen's claim we are obliged to interpret the state law in such a manner as to render it harmonious with the ordinance. *See* Iowa Code § 364.2(3); *Green v. City of Cascade,* 231 N.W.2d 882, 890 (Iowa 1975). If the statute and the ordinance cannot be reconciled, the statute prevails. *See* Iowa Code § 364.2(3); *Green,* 231 N.W.2d at 890. A municipality may enact ordinances on matters which are also the subject of state statutes. *Cain,*

342 N.W.2d at 812. Indeed, a municipality is free to set standards "more stringent than those imposed by state law, unless a state law provides otherwise." Iowa Code § 364.3(3); *Bryan v. City of Des Moines*, 261 N.W.2d 685, 687 (Iowa 1978). Limitations on a municipality's power over local affairs are not implied; they must be imposed by the legislature. *Bryan*, 261 N.W.2d at 687.

Gruen's argument boils down to one proposition: because the general assembly has provided that he may lawfully possess unregistered vehicles under certain conditions, the city may not in any manner regulate where or how he parks those vehicles. We do not accept this proposition.

Under the *Cain* analysis, it is clear that the ordinance does not prohibit an act permitted by Iowa Code section 321.48(1). *See Cain*, 342 N.W.2d at 812. It is lawful to possess unregistered vehicles in Des Moines under both the ordinance and the statute. It is equally clear that the ordinance does not permit an act prohibited by the statute, or invade an area of law reserved by the legislature to itself. *See id.* Iowa Code section 321.48(1) does not prohibit the city from regulating the parking and storage of lawfully unregistered vehicles, nor does Gruen point us to any other state law which preempts Des Moines City Code section 2A–7(S).

The statute and the ordinance may be harmonized: Gruen may lawfully possess unregistered vehicles in Des Moines, but he may not store them in a residential neighborhood unless in an enclosed building. Even then, of course, he may not conduct his used car business at his residence if to do so would violate a valid zoning law. *See generally* Iowa Code ch. 414 (Municipal Zoning).

Gruen also asserts that Des Moines City Code section 2A–7(S) is unconstitutionally overbroad. No authority is cited for this contention in his brief, and no substantial argument is made in its favor. The doctrine of constitutional overbreadth applies when governmental regulation invades an area of constitutionally protected freedom. *State v. Brumage*, 435 N.W.2d 337, 343 (Iowa 1989). Gruen has not shown that the city ordinance invades a constitutionally protected freedom in this case. On this ground, at least, his argument must fail.

The ordinance at issue is not unconstitutional under Article III, section 38A of the Iowa Constitution. Nor has Gruen shown the ordinance to be unconstitutionally overbroad as applied to him. The judgment of the district court is affirmed.

Costs on appeal are taxed to Gruen.

AFFIRMED.

CARTER, J., takes no part.