DECATUR COUNTY, Iowa, Appellant,

v.

PUBLIC EMPLOYMENT RELATIONS
BOARD, Appellee,

Public, Professional and Maintenance
Employees, Local 2003, Intervenor–
Appellee.

No. 96–1029.

Supreme Court of Iowa.

June 18, 1997.

Carlton G. Salmons of Austin, Gaudineer, Austin, Salmons, Swanson & Hopkins, Des Moines, for appellant.

Jan V. Berry, Des Moines, for appellee.

Matthew Glasson of Glasson, Sole, McManus & Combs, P.C., Cedar Rapids, for intervenor-appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

This case presents a novel challenge to a routine administrative determination by the public employment relations board (PERB). The suit concerns whether a proposal for employee benefits is a mandatory subject of bargaining under Iowa Code section 20.9 (1995). We think PERB was correct in holding it is.

Decatur County is a public employer. The intervenor, Public, Professional and Maintenance Employees, Local 2003 (the union), is an employee organization certified as the exclusive bargaining representative for the public employees of the Decatur County secondary road department. *See* Iowa Code § 20.3(4). The collective bargaining agreement between the union and the county was to expire on June 30, 1995.

On August 29, 1994, prior to bargaining for a successor contract, the Decatur County board of supervisors adopted a resolution to govern the accrual of benefits while county employees received workers' compensation benefits. The resolution provided:

1. The accrual of sick leave benefits will not be allowed while an employee is receiving workers' compensation [benefits].

2. Employees shall not be paid for holidays while receiving workers' compensation [benefits].

3. The accrual of vacation time will not be allowed while an employee is receiving workers' compensation [benefits]. However, vacation time earned prior to inception of workers' compensation will be owed to the employee.

During the negotiations for the new agreement, the union proposed adding the following language: "While [drawing workers' compensation benefits] all employee benefits will continue to accrue." The county refused to bargain over the proposal, claiming it was not a mandatory bargaining subject and that the county's August 29, 1994, resolution prohibited negotiation on this issue. Impasse resolution procedures were invoked and the matter was submitted to a fact finder. The county filed a petition before PERB requesting a determination of the bargaining status of the union's proposal. When the matter was presented to PERB, the county and the union stipulated the term "employee benefits" in the union's proposal meant sick leave, holidays, and vacations.

PERB rejected the county's first argument, concluding the union's proposal was a legal subject of mandatory bargaining under the "holidays," "vacations," and "leaves of absence" provisions of Iowa Code section 20.9. PERB then rejected the county's contention that its home rule adoption of the August 24, 1994, resolution rendered illegal an otherwise mandatory subject of bargaining under chapter 20. PERB also rejected the county's claim that the proposal violated the workers' compensation law's exclusivity provisions. The county then sought judicial review in district court, and the matter is before us on the county's appeal from the district court's affirmance of PERB's decision.

■ Our scope of review of a PERB final decision is governed by Iowa Code section 17A.19(8). *State v. Public Employment Relations Bd.,* 508 N.W.2d 668, 670 (Iowa 1993). We review the district court's and PERB's interpretation of statutes on error. *Id.* Any constitutional issues are reviewed de novo. *State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994).

I. Iowa Code chapter 20 governs collective bargaining between public employers and public employee representatives. Iowa Code section 20.9 governs the scope of negotiable issues for collective bargaining. It provides in relevant part:

> The public employer and the employee organization shall meet at reasonable times ... to negotiate in good faith with respect to wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training and other matters mutually agreed upon.

Iowa Code § 20.9.

■ This section creates two categories of negotiable subjects: (1) mandatory subjects that "shall" be negotiated by the parties; and (2) permissive subjects that the parties "mutually agree" to negotiate. *Id.; City of Fort Dodge v. Public Employment Relations Bd.,* 275 N.W.2d 393, 395 (Iowa 1979). "[C]lassification of a particular item is important, because only mandatory items may be taken through statutory impasse procedures to final arbitration, unless the employer consents." *City of Fort Dodge,* 275 N.W.2d at 395.

■ We apply a two-step analysis in determining whether a proposal is a mandatory bargaining subject under the section. *State v. Public Employment Relations Bd.,* 508 N.W.2d at 672. First the proposal must come within the meaning of a section 20.9 mandatory bargaining subject. *Id.* Second the proposal must not be illegal under any other provision of law. *Id.* The first issue in this case concerns the application of the first step of this two-step analysis. The second and third issues concern the application of the second step.

■ In determining whether a proposal is a mandatory bargaining subject within section 20.9, we apply several rules. We look only at the subject matter and not the merits of the proposal. *Charles City Community Sch. Dist. v. Public Employment Relations Bd.,* 275 N.W.2d 766, 769 (Iowa 1979). The

mandatory subjects listed in section 20.9 are construed narrowly and restrictively. *Id.* at 773; *see also State v. Public Employment Relations Bd.,* 508 N.W.2d at 672. This restrictive approach to interpreting the subjects of mandatory bargaining stems from the legislative history of the section, the "cogent policy arguments for distinguishing public and private sector bargaining," and the "legislative intent" underlying Code chapter 20. *Charles City,* 275 N.W.2d at 773.

■ In applying the first step of the two-step analysis we determine whether the proposal, *"on its face,* fits within a definitionally fixed section 20.9 mandatory bargaining subject." *State v. Public Employment Relations Bd.,* 508 N.W.2d at 673; *see also Clinton Police Dep't Bargaining Unit v. Public Employment Relations Bd.,* 397 N.W.2d 764, 766 (Iowa 1986). "In determining the scope of the topic of a disputed proposal we look to what the proposal, if incorporated through arbitration into the collective bargaining contract, would bind an employer to do." *State v. Public Employment Relations Bd.,* 508 N.W.2d at 673. In doing so we take care "to read proposals literally." *Id.*

■ If a section 20.9 mandatory bargaining subject "escapes easy definition," then a "balancing of the employer section 20.7 interest and the employee section 20.9 interest" may be necessary. *Id.* at 674. But any such balancing test should *only* occur when a section 20.9 subject is difficult to define. *Id.* Thus in most cases no balancing test is necessary. *Id.*

■ It is certainly not necessary here. The first step of the test can be taken summarily. It seems almost absurd to deny that the union's proposal on its face fits the definition in Code section 20.9. The union proposes that leaves of absence, holidays, and vacations continue to be earned while an employee is drawing workers' compensation benefits. There is no way the earning of employee benefits cannot directly relate to the subject of the benefits themselves. *See United Fire & Cas. Co. v. Acker,* 541 N.W.2d 517, 519 (Iowa 1995) (court will not construe a statute in a way that would produce impractical or absurd results).

The district court was clearly correct in rejecting the county's challenge to the first step in the analysis. For the reasons explained in the following divisions, we think it was also correct in rejecting the county's two challenges to the second step because the subject of the proposal was not illegal.

■ II. The district court was correct in rejecting the county's contention that it could make the subject "illegal" under the statute by its own resolution. The county's power to manipulate the statutory list of mandatory subjects of bargaining is not enhanced on the basis of home rule.

The Iowa Constitution grants counties home-rule power in article III, section 39A, providing in relevant part:

> Counties or joint county-municipal corporation governments are granted home-rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government.

This provision is known as the "home rule amendment." *City of Des Moines v. Gruen,* 457 N.W.2d 340, 341 (Iowa 1990). Iowa Code section 331.301 also provides for home-rule powers for counties.

■ These provisions grant the county "broad authority to regulate matters of local concern." *Sioux City Police Officers' Ass'n v. City of Sioux City,* 495 N.W.2d 687, 693 (Iowa 1993). But, under both the constitutional and statutory provisions, a county may not enact resolutions "inconsistent" with laws enacted by the General Assembly. Iowa Const. art. III, § 39A; Iowa Code § 331.301(1).

■ Where there is an inconsistency, the county resolution yields to the statute. *City of Des Moines,* 457 N.W.2d at 342. A county's resolution is "inconsistent" with state law when it "prohibits an act permitted by a statute, or permits an act prohibited by a statute." *City of Council Bluffs v. Cain,* 342 N.W.2d 810, 812 (Iowa 1983). A county resolution is also preempted by state law when it "invades an area of law reserved by the legislature to itself." *City of Des Moines,* 457 N.W.2d at 342.

A county does hold the power to enact a resolution on a matter that is also the subject of a state statute if the resolution and statute can be harmonized. *Sioux City Police Officers' Ass'n*, 495 N.W.2d at 694. But if the state statute and county ordinance cannot be reconciled, then the state statute prevails. *Id.* We find no harmony here— only a direct assault on Iowa Code section 20.9 by the county's resolution.

The county is correct in asserting that the union's proposal conflicts with its resolution. The proposal was however not "illegal" because the resolution was invalid as a result of being inconsistent with state law.

III. The county argues that the union's proposal was illegal on another basis. The argument, as we understand it, is that the proposal violates the exclusivity provisions of Iowa workers' compensation law. Iowa Code section 85.2 provides that, when a county is the employer, the provisions of the workers' compensation law shall be "exclusive, compulsory, and obligatory upon both employer and employee." Code section 85.20 provides, in general terms, the same with regard to all employment relationships.

Contrary to the county's view, these exclusivity provisions do not prohibit employers and employees from agreeing by contract to augment the benefits conferred by Code chapter 85. *Heck v. George A. Hormel Co.*, 260 N.W.2d 421, 423 (Iowa 1977). The union's proposal did not abrogate any workers' compensation rights; it only sought to have them supplemented and augmented.

The district court correctly rejected the contention.

**AFFIRMED.**