# IN THE SUPREME COURT OF IOWA

No. 52 / 07–0172

Filed August 29, 2008

**MONIQUE RHODEN** and **CURT W. CANFIELD,**
on behalf of themselves and others Similarly Situated**,**

    Appellees,

vs.

**THE CITY OF DAVENPORT, IOWA,**

    Appellant.

---

Appeal from the Iowa District Court for Scott County, Gary D. McKenrick, Judge.

Decision of the district court granting summary judgment and certifying the class action is reversed. **REVERSED.**

Craig A. Levien and Peter J. Thill of Betty, Neuman & McMahon, P.L.C., Davenport, for appellant.

Thomas D. Waterman and Richard A. Davidson of Lane & Waterman, LLP, Davenport, and Catherine Z. Cartee of Cartee & Clausen Law Firm, P.C., Davenport, for appellees.

**APPEL, Justice.**

In this case, plaintiffs brought a class action challenging the validity of the Davenport Automated Traffic Enforcement (ATE) ordinance. *See* Davenport Mun. Code § 10.16.070 (2005). On cross motions for summary judgment, the district court ruled that the Davenport ATE ordinance was preempted by state traffic regulations and therefore was invalid. The district court also held that the City was not entitled to summary judgment on its claim that the individual plaintiffs who paid the civil penalty voluntarily waived their right to recover against the City. In a subsequent order, the district court certified the class and ruled that plaintiffs who had paid the civil fine were entitled to recover against the City. We granted the City's application for interlocutory review.

In *City of Davenport v. Seymour*, 755 N.W.2d 533 (2008), we considered whether the Davenport ATE ordinance is impliedly preempted by the same statutes cited by the plaintiffs in this case—Iowa Code chapter 321 and sections 364.22(5)(*b*), 805.6, and 805.8A. In *Seymour*, we held that the Davenport ATE ordinance was not preempted by the cited state law. Although the plaintiffs here characterize their preemption analysis as one of express, not implied, preemption, this has no effect on the outcome of this case. Implied preemption analysis is employed only where the legislature fails to expressly preempt local action. Nothing in either chapter 321 or sections 364.22(5)(*b*), 805.6, and 805.8A expressly preempts municipalities from creating civil money penalties for traffic infractions. Thus the Davenport ATE ordinance is not impliedly or expressly preempted by the cited state law.

In addition to the claims raised in *Seymour*, the plaintiffs allege that the Davenport ATE ordinance is preempted because it is inconsistent with Iowa Code sections 805.9, 805.12, 602.8106(1), and 364.22(6). Sections 805.9, 805.12, and 602.8106(1) concern the proper procedure for collecting fines for *criminal* traffic violations. This court concluded in *Seymour*, however, that the Davenport ATE ordinance provides for a civil violation that is parallel to and not preempted by the criminal scheme outlined in Iowa Code chapter 321. Any perceived inconsistency with sections 805.9, 805.12, and 602.8106(1), therefore, does not defeat the Davenport ATE ordinance.

Iowa Code section 364.22(6) concerns the proper procedure for collecting civil penalties for municipal infractions. That section provides in relevant part, "All penalties or forfeitures collected *by the court* for municipal infractions shall be remitted to the city in the same manner as fines and forfeitures are remitted for criminal violations under section 602.8106." Iowa Code § 364.22(6) (emphasis added). Section 602.8106 requires fines to be collected by the clerk of court. Ninety percent of the fine is thereafter remitted to the city which prosecuted the action. *Id.* § 364.22. Plaintiffs contend that the Davenport ATE ordinance is inconsistent with this requirement because it provides that civil fines under the ordinance are payable to the City at the City's finance department. Davenport Mun. Code § 10.16.070(D)(1)–(2).

Assuming that section 364.22 applies to the Davenport ATE ordinance, we nevertheless conclude that the two provisions are not "irreconcilable." *City of Des Moines v. Gruen*, 457 N.W.2d 340, 342 (Iowa 1990). Section 364.22(6) provides that all civil penalties collected *by the court* be payable to the clerk of court and then remitted to the city. The

Davenport ATE ordinance, alternatively, requires only that payments for unchallenged violations, which do not involve the court, be payable to the City's finance department.  As a result, no conflict exists between the two provisions and the Davenport ATE ordinance is not preempted by section 364.22(6).

For the reasons expressed above and in *Seymour*, the district court order granting summary judgment to the plaintiffs on the ground that the Davenport ATE ordinance is preempted by state traffic and enforcement regulations is reversed.  In light of this disposition, it is not necessary to address the other issues raised in this appeal.

**REVERSED.**

All justices concur except Wiggins, J., who dissents and Baker, J., who takes no part.

#52/07–0172, *Rhoden v. City of Davenport*

**WIGGINS, Justice (dissenting).**

I dissent for the reasons stated in my dissent in *City of Davenport v. Seymour*, 755 N.W.2d 533, 545 (Iowa 2008) (Wiggins, J., dissenting).